IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RONALD J. HOLLEMAN, 297567, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 3:08-CV-1526-G |
| | § | |
| | § | |
| RICK THALER, Director, TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636 (b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

**FINDINGS AND CONCLUSIONS**

**I.   NATURE OF THE CASE**

Petitioner is an inmate in the Texas Department of Criminal Justice, Institutional Division ("TDCJ-CID"). He filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent Rick Thaler is Director of the TDCJ-CID.

## II. PROCEDURAL BACKGROUND

Petitioner does not challenge the validity of his underlying conviction and sentence. Rather, he challenges a prison disciplinary violation, number 20080065897, which he received at the Eastham Unit of the TDCJ.

Petitioner was originally found guilty of burglary of a habitation with intent to commit sexual abuse, which was alleged to have occurred on May 17, 1979. The trial court assessed a sentence of forty years of confinement in TDCJ-CID. However, since Petitioner challenges only a prison disciplinary case, there is no reason to go into the background of his convictions and prior appeals or post-conviction relief attempted.

Petitioner argues:

(1) He did not receive due process at his disciplinary hearing because the Disciplinary Hearing Officer ("DHO") and his counsel substitute ("CS") falsely represented that Officer D. Woods, a witness essential to Petitioner's defense, was not available to testify on Petitioner's behalf; and

(2) Petitioner was denied due process and equal protection of the law at his Disciplinary Hearing because the DHO and his CS committed fraud and perjury, and conspired to violate his civil rights in order to help the charging officer.

While Petitioner's claims are not time barred, they have not been exhausted and Respondent claims that they are procedurally barred.

## III. DISCUSSION

### 1. Relief not Available

Petitioner claims that he received a loss of forty-five days' good-time credit. However, there was no punishment provided at the conclusion of the Disciplinary Hearing that would have had an effect on his mandatory release date. He claims that he received forty-five days loss of

good-time, but the records do not reflect the same. He received a punishment of forty-five days loss of commissary privileges and forty-five days cell restriction. His line classification remained at an L3. This punishment does not implicate the due process clause or a due process violation, and therefore he has not stated any claims entitling him to federal habeas corpus relief. A state prisoner seeking federal court review pursuant to 28 U.S.C. § 2254 must assert a violation of a federal Constitutional right.

Many of the allegations that Petitioner has brought were not exhausted in the state court. The appeal of his Disciplinary Proceeding and the grievance appeal process in the prison did not raise the allegations and issues that Petitioner has raised in these proceedings. While his current petition has failed to exhaust his claims under the state proceedings, even if the court were to find that he had exhausted such claims, the court would still have to deny his claims for relief because he has not raised a federal question. His claim for relief should be denied.

**2.    Good-Time Credits**

Only those sanctions that result in the loss of good-time credits for inmates who are eligible for release on mandatory supervision, or that otherwise directly and adversely affect release on mandatory supervision, impinge on a protected liberty interest. *Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000). In this case, since the good-time credits were not removed, Petitioner has suffered no due process violations.

**3.    Remaining Claims**

Petitioner also claims his disciplinary proceeding resulted in a loss of commissary privileges, a reduction in line classification, and restriction to his cell. These claims, however, do not implicate a protected liberty interest. *See Madison v. Parker*, 104 F.3d 765, 768 (5th Cir.

1997) (stating commissary and cell restrictions do not impose a significant or atypical hardship on the inmate in relation to the ordinary incidents of prison life); *Luken v. Scott*, 71 F.3d 192, 193 95th Cir. 1995) (stating reductions in line-class status do not implicate due process concerns). Petitioner's claims should be denied.

**RECOMMENDATION**

This Court recommends that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be DENIED.

Signed this 16th day of February, 2011.

_____
**PAUL D. STICKNEY**
**UNITED STATES MAGISTRATE JUDGE**

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).